# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

DATE 5/28/2015

NOTICE OF APPEALS
ASSIGNMENT OF COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/28/2015 11:17:16 AM

CHRISTOPHER A. PRINE
Clerk

**TO:** **1ST COURT OF APPEALS**

**From:** **Deputy Clerk: MICHELLE LOPEZ**
**Chris Daniel, District Clerk**
**Harris County, T E X A S**

**CAUSE:** 2006-18753

**VOLUME _____ PAGE _____ OR IMAGE # 64475407**

**DUE 6/27/2015 ATTORNEY 19274100**

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE 1ST**

**DATE JUDGMENT SIGNED: 2/27/2015**

**MOTION TO MODIFY DATE FILED 3/27/2015**

**REQUEST TRANSCRIPT DATE FILED n/a**

**NOTICE OF APPEAL DATE FILED 5/26/2015**

**NUMBER OF DAYS: ( CLERKS RECORD ) 120**

**FILE ORDERED: YES ☐ NO ☒ IMAGED FILED: YES ☒ NO ☐**

**CODES FOR NOTICE OF APPEAL: BC, C, OA**

CHRIS DANIEL
Harris County, District Clerk

By: /s/MICHELLE LOPEZ
**MICHELLE LOPEZ, Deputy**

| | |
|---|---|
| **BC** | **NOTICE OF APPEAL FILED** |
| **BG** | **NOTICE OF APPEAL FILED – GOVERNMENT** |
| **C** | **JUDGMENT BEING APPEALED** |
| **D -** | **ACCELERATED APPEAL** |
| **OA** | **NO CLERK'S RECORD REQUEST FILED** |
| **O** | **CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)** |
| **NA** | **AMENDED NOTICE OF APPEAL** |

NO. 2006-18753

| | | |
|---|---|---|
| AMERICAN ZURICH, | § | IN THE DISTRICT COURT OF |
| INSURANCE COMPANY, | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| DANIEL SAMUDIO, | § | |
| Defendant | § | 127TH JUDICIAL DISTRICT |

## AMERICAN ZURICH INSURANCE COMPANY'S
## NOTICE OF APPEAL

**TO:**      Chris Daniel, District Clerk
            **Attn:  Civil Post Judgment**
            Harris County Civil Courthouse
            P.O. Box 4651
            Houston, TX 7721-4651

**FROM:**    Robert D. Stokes
            Attorney for American Zurich Insurance Company

**RE:**      American Zurich Insurance Company's Notice of Appeal


I.

The Plaintiff, American Zurich Insurance Company, desires to appeal from the judgment

signed by this Court on February 27, 2015.


II.

The Plaintiff, American Zurich Insurance Company appeals to either the First or the

Fourteenth Court of Appeals, sitting in Houston, Texas.

WHEREFORE, premises considered, Plaintiff, American Zurich Insurance Company, requests that this Notice of Appeal be directed to all parties as well as for such other and further relief to which the Plaintiff may have shown itself entitled.

<div style="margin-left: 45%;">

Respectfully submitted,

FLAHIVE, OGDEN & LATSON
P. O. Box 201329
Austin, Texas 7820
512/435-2150
512/241-3305 Fax

_Robert D. Stokes_
State Bar No. 19274100

Attorneys for American Zurich Insurance Company

</div>

<div style="text-align: center;">

**CERTIFICATE OF SERVICE**

</div>

I hereby certify that a true and correct copy of this instrument has been e-served upon all counsel of record pursuant to the requirements of Rule 21a, TEX. R. CIV. P., on May 26, 2015.

Michael Doyle
Attorney at Law
2402 Dunlavy Street
Houston, TX 77006
_Via eservice_

<u>Co-Counsel</u>
Tonya D. Carter-Clary
7702 Chadbourne Trace Ct.
Richmond, TX 77407
_Via eservice_

_Robert D. Stokes_

FILED
Chris Daniel
District Clerk

FEB 27 2015

Time _____

Harris County

By_____ Deputy

CAUSE NO 2006-18753

| | | |
|---|---|---|
| AMERICAN ZURICH INSURANCE COMPANY | § § § | IN THE DISTRICT COURT |
| VS | § § § | HARRIS COUNTY, TEXAS |
| DANIEL SAMUDIO | § | 127TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

On October 7, 2014, this Court Granted Defendant's Amended Motion for

Summary Judgment, finding that Defendant is the prevailing party on all issues

Subsequently, the parties stipulated that the issue of reasonable and necessary

attorneys' fees would be submitted to the Court on written evidence, and a hearing

was held on February 13, 2015

Having considered the evidence and briefs submitted by the parties, the

Court finds that the following fees are reasonable and necessary fees incurred in the

defense of this matter through October 7, 2014

| | | |
|---|---|---|
| a | Doyle Raizner LLP Fees | $69,140 50 |
| b | Doyle Raizner LLP Expenses | $5,475 03 |
| c | Blackwell & Haag, P C Fees | $3,334 00 |
| d | Tonya D Carter & Associates | $2,570 00 |
| e | Keeling & Downes, P C (first appeal) | $49,000 00 |

Defendant has also requested reimbursement of attorneys' fees should

Plaintiff file a second appeal of this matter

| | | |
|---|---|---|
| a | In the event of an appeal to the Court of Appeals | $30,000 00 |

1

b   In the event of a Petition to the Texas Supreme Court  $10,000 00

c   In the event that a Petition for Review is Granted        $20,000 00

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court

that Plaintiff pay the amounts set for above   This is a final order and is

appealable

Signed this 27th day of February, 2015

_____

DISTRICT JUDGE

2

NO. 2006-18753

| | | |
|---|---|---|
| AMERICAN ZURICH INSURANCE COMPANY, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| DANIEL SAMUDIO, | § § | |
| Defendant | § | 127TH JUDICIAL DISTRICT |

## PLAINTIFF'S MOTION TO MODIFY THE JUDGMENT, ENTER AN ALTERNATIVE JUDGMENT, OR FOR NEW TRIAL

This court erred in signing a judgment on the merits as well as an order for fee-shifted attorneys' fees. Accordingly, this court should modify the judgment, enter an alternative judgment, or grant a new trial. Plaintiff requests this relief both on the merits and on the issue of attorneys' fees. In support of this motion, Plaintiff would show as follows.

### JUDGMENT ON THE MERITS

This court is statutorily precluded from considering Exhibits A and B of Defendant's Motion for Summary Judgment. For the reasons shown herein, the court should have sustained Plaintiff's objection to such exhibits and stricken them from the record.

Defendant's Exhibit A is an Affidavit of Jose Rodriguez, M.D., including the doctor's curriculum vitae and attached medical report. Defendant's Exhibit B is a lumbar spine series from River Oaks Imaging and Diagnostic.

TEX. LABOR CODE ANN. § 410.306(c) provides, "Except as provided by Section 410.307, evidence of extent of impairment shall be limited to that presented to the division." Neither Exhibit A nor Exhibit B, nor the opinions contained therein were presented to the Division of Workers' Compensation in the underlying agency proceeding. See Plaintiff's Exhibit C. See also *Am. Zurich Ins. Co. v. Samudio*, 370 S.W.3d 363, 365 (Tex. 2012). Neither Exhibit A nor Exhibit B can be considered by the court under the plain language of the statute.

Moreover, this court exceeded the scope of the Supreme Court's order on remand by refusing to conclude that no impairment rating made in conformance with the AMA Guides was presented to the agency. As the Texas Supreme Court observed in its opinion in this case, "a trial court may remand to the Division to allow it to determine a valid impairment rating if the court concludes that no valid impairment rating was presented to the agency in the underlying contested case." *Id.*, 370 S.W.3d at 368.

In fact, the Texas Supreme Court expressly limited this court's authority on remand to two duties: (1) examining the evidence to determine whether there was a proffered impairment rating that was made in accordance with statutory requirements (a valid rating), and (2) making a determination whether any such putatively valid impairment rating had been presented to the Division. "If the *trial court* determines that no rating made in conformance with the Guides was presented to the agency, it should remand to the Division for a new impairment determination." *Id.*, 370 S.W.3d at 369.[1]

---

[1] The Supreme Court could not have been clearer that these two duties are the responsibility that the trial court should exercise, as a matter of law.

- We disagree with the court of appeals, however, that the *trial court* was left with no alternative but to leave in place a putatively invalid impairment rating. *Id.*, 370 S.W.3d at 367-68.
- They maintain that, if the *trial court* concluded that the assigned rating was invalid, if could reverse the Division's decision and remand to the agency. We agree with American Zurich and the Division. *Id.*, 370 S.W.3d at 368.
- Moreover, in considering whether an impairment rating submitted to the Division is valid, a reviewing *court* is not making a "determination of impairment." Instead, the *court* is deciding a purely legal question: whether the proffered rating was made in accordance with statutory requirements. *Id.*
- A trial court may remand to the Division to allow it to determine a valid impairment rating if the court concludes that no valid impairment rating was presented to the agency in the underlying contested case. *Id.*
- To allow the Division to determine Samudio's impairment rating as of April 7, 2004, the date the parties stipulated he reached maximum medical improvement, if the *trial court* finds that Samudio's twenty percent rating is invalid. *Id.*
- Accordingly, section 410.306(c) does not preclude a *trial court* from remanding to the Division when the only impairment rating offered is invalid. *Id.*, 370 S.W.3d at 368-69.
- While section 410.310(c) limits the evidence that a trial court may consider in reviewing an impairment rating assigned by the Division and precludes the court from assigning a rating that was not presented to the agency, it does not prevent the court from setting aside an invalid rating and remanding to the Division for further proceedings. *Id.*, 370 S.W.3d at 369.

Because this court should have determined that no rating made in conformance with the AMA Guides had been presented to the agency, this court erred in granting summary judgment in favor of the Defendant. Accordingly, this court should modify the judgment or enter an alternative judgment in favor of Plaintiff, or should modify the judgment on the merits or enter an alternative judgment on the merits remanding the case to the Division of Workers' Compensation.

## JUDGMENT FOR FEE-SHIFTED ATTORNEYS' FEES

In addition, this court should modify the judgment, enter an alternative judgment, or grant a new trial on the issue of fee-shifted attorneys' fees for the following reasons. This court erred in awarding fee-shifted attorney's fees because the fees reflected in this court's order are not supported by factually sufficient evidence.

1. This court erred in awarding fee-shifted attorney's fees because the fees reflected in this court's order are not supported by factually sufficient evidence.

2. This court erred in awarding fee-shifted attorney's fees because the fees reflected in this court's order are not supported by the pleadings in this case.

3. This court erred in awarding fee-shifted attorney's fees because the fees reflected in this court's order are not supported by an underlying judgment in which Defendant is the prevailing party.

4. This court erred in awarding fee-shifted attorney's fees based upon Defendant's failure to segregate fees in Michael Doyle's affidavit of February 13, 2008.

5. This court erred in awarding fee-shifted attorney's fees based upon Defendant's failure to segregate fees in Patrick Dennis' affidavit.

6. This court erred in awarding fee-shifted attorney's fees for trial activities because the fees requested have not been segregated between recoverable time and precluded time.

7. This court erred in awarding fee-shifted attorney's fees because any fees incurred after Daniel Samudio's death were not available under TEX. LABOR CODE ANN. § 408.221(c).

8. This court erred in awarding fee-shifted attorney's fees because no benefit accrued to the Defendant under TEX. LABOR CODE ANN. § 408.221(c) after the date of his death.

9. This court erred in awarding fee-shifted attorney's fees because the requested fees are improper "fees-for-fees" under TEX. LABOR CODE ANN. § 408.221(c).

10. This court erred in awarding fee-shifted attorney's fees because there is no statutory basis in the Texas Workers' Compensation Act to award fee-shifted attorneys' fees to an estate.

11. This court erred in awarding fee-shifted attorney's fees because the fees awarded are not supported by the pleadings in the case.

12. This court erred in awarding fee-shifted attorney's fees because the amounts requested are conclusory.

13. This court erred in awarding fee-shifted attorney's fees for appellate activities because the affiant was not shown to be qualified to testify as to the reasonableness and necessity of appellate fees.

14. This court erred in awarding fee-shifted attorney's fees for appellate activities because the requested appellate fee rates are conclusory.

15. This court erred in awarding fee-shifted attorney's fees for appellate activities because the initial appellate fees requested have not been segregated between recoverable time and precluded time.

16. This court erred in awarding fee-shifted attorney's fees for appellate activities because the prospective appellate fees are improper as "fees for fees."

**PRAYER**

This court erred in signing a judgment on the merits as well as an order for fee-shifted attorneys' fees. Accordingly, this court should modify the judgment, enter an alternative judgment, or grant a new trial. Plaintiff requests this relief both on the merits and on the issue of attorneys' fees. In the alternative, Plaintiff requests such other and further relief to which it might be entitled.

Respectfully submitted,

FLAHIVE, OGDEN & LATSON
P. O. Drawer 201329
Austin, Texas 78720
512/477-4405
512/241-3300 Fax

_____
Robert D. Stokes
State Bar No. 19274100
Email: RDS@fol.com

_____

David Owen Cluck
State Bar No. 04417500
Email: DOC@fol.com

_____

Gregory D. Solcher
State Bar No. 18824815
Email: GDS@fol.com

Attorneys for American Zurich Insurance Company

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for Defendant, inquiring whether they can agree or whether they are opposed to this Motion. Counsel for Defendant has advised me that he opposes this motion.

_____

David Owen Cluck

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this instrument has been served upon all counsel of record pursuant to the requirements of Rule 21a, TEX. R. CIV. P., on March 27, 2015.

Michael Doyle
Patrick Dennis
Attorney at Law
2402 Dunlavy Street
Houston, TX 77006
*via eservice*

David Owen Cluck

_____
David Owen Cluck

```
JUC8H (NR4#)     JUSTICE INFORMATION MANAGEMENT SYSTEM     MAY 28, 2015(C1)
INT6510               CIVIL CASE INTAKE               OPT: _____  -  INT
                    GENERAL PARTY INQUIRY             PAGE:   1  -    1

CASE NUM: 200618753__ PJN> __  TRANS NUM: _____ CURRENT COURT: 127 PUB? _
CASE TYPE: DECLARATORY JUDGMENT          CASE STATUS: CASE ON APPEAL
STYLE: AMERICAN ZURICH INSURANCE COMPANY VS SAMUDIO, DANIEL
===========================================================================
                     **** INACTIVE PARTIES ****
  PJN  PER/CONN COC  BAR        PERSON NAME           PTY   ASSOC. ATTY
  NUM   NUMBER                                        STAT
_     00003-0001 DEF 24032879 MORRIS, KEITH (ADMINISTRATOR O   MORRIS III, R
_     00002-0002 XPL 06095650 SAMUDIO, DANIEL                  DOYLE, MICHAE
_     00001-0002 XDF 18824815 AMERICAN ZURICH INSURANCE COMP   SOLCHER, GREG
_     00002-0001 DEF 06095650 SAMUDIO, DANIEL                  DOYLE, MICHAE
_     00001-0001 PLT 18824815 AMERICAN ZURICH INSURANCE COMP   SOLCHER, GREG



==> (5) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.  7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```